## MILBURN et al. v. NORD-DEUTSCHER LLOYD.

### (District Court, S. D. New York. October 25, 1893.)

CHARTER — DAMAGE TO CARGO — CHARTER HIRE — INDEMNITY FROM FOREIGN OWNERS TO THE CHARTERERS.

Where the charterers of a foreign ship, being responsible to the owners for the charter hire, and having received freight upon goods delivered to the consignees, are liable to the latter for damage claims arising through negligence of the ship, and the owners are foreign, and have no assets in this country, the charterers will not be required by a court of admiralty to pay over to the owners the whole amount of the charter hire, except upon security indemnifying them against such reasonable and probable demands as may have arisen against the charterers through the fault of the owners in the transportation of the cargo.

In Admiralty. Libel for freight under charter.

Convers & Kirlin, for libelants.

Shipman, Larocque & Choate, for respondent.

BROWN, District Judge. The above libel was brought to recover the balance of charter money for the libelants' steamship "Tiverton," which had been chartered to the respondent for a voyage from Bremerhaven to New York, for the lump sum of £1,400, under a charter of affreightment. The vessel performed the voyage and arrived in New York on the 11th of June, 1892, and a few days thereafter delivered all her cargo. Some claims for damages for bad stowage having been made upon the respondent; to whose agents—Oelrichs & Co.—the freight moneys had been paid, the charterers claimed a bond of indemnity from the libelants against the damage claims, before paying them the whole charter money. Indemnity was refused and the above libel filed.

The defendant, in its answer, offered to pay the freight moneys, on receiving such indemnity, and asked a decree therefor from the court.

It is admitted that the "Tiverton" was a British vessel; that her owners are British residents, having no assets here; and that the steamer is not upon any regular line to this country. Since the answer was filed, the amount of the damage claims has been very largely reduced; and upon the evidence I do not find that there is more than a single claim for which there appears to be any reasonable ground to claim damages, or any probability of litigation.

The libelants urge that the respondent is not in any event personally liable for any damage claim whatsoever; because the respondent did not sign the bill of lading or become personally bound

by it; and that therefore it is not responsible for any bad stowage of the cargo.

Upon the general scope and meaning of the charter, however, and the mode in which the business under it has been actually managed by both parties, plainly the voyage was for the benefit of the respondent, and at its risk. The respondent was absolutely responsible for the payment of the whole charter hire; and the moneys to be derived from the freights, not having been settled for at Bremerhaven, became, when collected by Oelrichs & Co., the respondent's agents in New York, the moneys of the respondent. Had Oelrichs & Co. failed to account for this money, the loss would have fallen upon the respondent; their collection of the freights would not have been any offset against the charter hire due to the libelants.

Upon charters like the present, moreover, the captain, in signing the bills of lading, has been held to sign as agent of the charterers; and the latter, therefore, become liable thereon to the consignees. Marquand v. Banner, 6 El. & Bl. 232; Schuster v. McKellar, 7 El. & Bl. 704. In suing the respondent for the whole charter money, libelants have treated the freights collected by Oelrichs & Co. as the respondent's money, and the transportation as made on account of the respondent as principal. As the consignees of the damaged goods have, moreover, paid the freights in full, to the respondent, as charterer and carrier, they have a legal right of action against the respondent for the damage to their goods in transit; and for this the respondent has a right-to indemnity from the ship, or her owners, so far as the same arose from bad stowage. The Centurion, 57 Fed. Rep. 412, 416. As the libelants are foreign, and without assets here, the defendant should not be required to pay over all the charter money, except on such security as may afford recourse, within this jurisdiction, for indemnity against reasonable and probable demands for which the ship and her owners are primarily responsible, and which it is within the power and the ordinary jurisdiction of this court to require. The principle is the same as in suits between part owners, as to the employment of the ship; or for freight upon the part delivery of cargoes. Ben. Adm. § 274; Brittan v. Barnaby, 21 How. 527, 534; The Tangier, 32 Fed. Rep. 230; The Dixie, 46 Fed. Rep. 403.

The libelants are entitled to a decree, without costs, upon giving such indemnity, the amount of which will be fixed by the court, if not agreed on by the parties.