## OLAVARRIA & CO., Inc., v. INTERNATIONAL TRANSP. CORPORATION et al.

District Court, S. D. New York.
June 5, 1945.

Bingham, Englar, Jones & Houston, of New York City, for libellant.

Crowell & Rouse, of New York City, for respondent International.

Haight, Griffin, Denning & Gardner, of New York City, for respondent West India.

RIFKIND, District Judge.

West India Fruit and Steamship Company excepts to the libel on the ground that it fails to state a cause of action. The argument in support of the exception proceeded on the assumption that the libel alleged the loss of cargo as the result of unseaworthiness of the carrying vessel. Upon that assumption West India argued that the bill of lading annexed to the libel showed the contract between the shipper and the carrier to be one of private, and not common, carriage and that the carrier was, by the terms of the bill of lading, relieved of responsibility for loss attributable to lack of seaworthiness. But the libel does

not allege the cause of the loss. It merely alleges the delivery of the cargo by the shipper to West India on consignment to the libellant and failure on the part of the carrier to deliver the cargo to the consignee or the shipper. That states a cause of action against a private carrier. The Joseph J. Hock, 2 Cir., 1934, 70 F.2d 259; see In re Steamship Co. Norden, D.Md.1925, 6 F.2d 883, 887. The pleading to be sufficient need not anticipate and negate all the circumstances which may exculpate the respondent. The exception is, therefore, overruled.

■ The ship owner, International Transportation Corporation, likewise excepts to the libel. Since the libel is in personam, it must, in order to be sufficient, show the breach of a duty owing from the owner to the libellant. The libel does allege such a breach of duty when it declares delivery of the cargo by the shipper to the owner. But the bill of lading annexed to the libel shows clearly that no such delivery was made but that delivery was made to the charterer alone. The bill of lading is signed:

"In witness whereof, the West India Fruit and Steamship Company, Inc., by its agent, have signed three (3) bills of lading, one of which being accomplished the others to stand void.

"Dated at Habana.

"West India Fruit and Steamship Co., Inc.

"By Frank Cameron Master."

Cases relied on by libellant as holding the owner liable when the bill is signed by the master do not sustain its position. They deal either with the liability of the ship or with the liability of the owner where the master signed as its agent. Gans S. S. Line v. Wilhelmsen, 2 Cir., 1921, 275 F. 254; The Capitaine Faure, 2 Cir., 1926, 10 F.2d 950; The Esrom, 2 Cir., 1920, 262 F. 953; The Esrom, C.C.A. 2, 1921, 272 F. 266, see concurring opinion of Hough, C. J.; Milburn v. Nord Deutscher Lloyd, D.C.S.D.N.Y.1893, 58 F. 603.

Exception sustained, with leave to amend.

Other questions presented on the argument have not been overlooked. In view of the disposition made herein of the two motions, it is unnecessary to answer them.